UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
AARON COHEN

               Plaintiff,

        v.                             COMPLAINT- JURY TRIAL

BAC HOME LOANS SERVICING, LP
TRANS UNION, LLC
                    Defendants.

----------------------------------------------------X


Plaintiff, alleges upon information and belief as follows:


## INTRODUCTION AND BACKGROUND FACTUAL INFORMATION


1.     Plaintiff, Aaron Cohen, brings this lawsuit against Trans Union, LLC ("Trans Union") and BAC HOME LOANS SERVICING, LP ("BAC") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.     Plaintiff had financial difficulty in 2009 and was unable to pay his mortgage.

3.     According to Plaintiff's Trans Union credit report he made his last payment on his mortgage account on July 29, 2009 and shortly thereafter went into default.

4.     Old information is prohibited to be reported on a consumer's credit report.

5.     Adverse credit information may not be reported if it is over seven years old.

6.    Credit or consumer reporting agencies may legally keep adverse credit information on a consumer's credit report for only seven years

7.    Despite this negative account information being more than seven years old Trans Union continues to report the information even though plaintiff disputed it multiple times with Trans Union.

8.    Indeed, Plaintiff sued Bank of America (not the Defendant in this action) in small claims court for this exact issue and won a judgment against Bank of America in small claims court.

9.    Despite winning in small claims court, his credit report continued to contain this information which is more than seven years old.

10.    Plaintiff is now forced to hire a lawyer and sue the Defendants in federal court to fix his credit report.

11.    Plaintiff disputed the BAC tradeline with Trans Union. See Exhibit A.

12.    Upon receipt of Plaintiff's dispute, Trans Union forwarded the dispute it received from Plaintiff to BAC.

13.    The dispute letters explained why the BAC account was too old.

14.    Trans Union responded to Plaintiff's letters by verifying as accurate the old information and insinuating that BAC had done same. See Exhibit B.

15.    Plaintiff suffered emotional distress damages, including frustration, irritation and anxiety as a result of Defendants' conduct.

16.    Plaintiff suffered monetary damages because of the cost of postage to the credit reporting agencies.

17.    Plaintiff also suffered a loss of time dealing with his erroneous credit report.

18.    Plaintiff's credit score suffered because of the obsolete information.

19.    In *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007), the Supreme Court of the United States of America held that willfulness as defined by the damages provision of the FCRA not only includes knowing violations of the FCRA, but also includes violations of the FCRA committed in reckless disregard of the company's statutory obligations.

## JURISDICTION AND VENUE

20.    This Court has jurisdiction under §15 USC 1681(p) (FCRA).

21.    Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district.

## PARTIES

22.    Defendant, "BAC" is a Texas limited partnership.

23.    BAC is a "furnisher of information" as defined by the FCRA.

24.    Trans Union is a corporation in Chicago, Illiois.

25.    Trans Union is a "consumer reporting agency" as defined by the FCRA.

26.    Plaintiff is a consumer as defined by the FCRA.

27.    Plaintiff resides in Rockland County in New York.

## VIOLATIONS ALLEGED

## COUNT I – FCRA CLAIM AGAINST TRANS UNION

28.    Plaintiff incorporates all of the above paragraphs as though fully stated herein.

29.    **§ 1681c. Requirements relating to information contained in consumer reports states:**

**(a) Information excluded from consumer reports**

Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information:

**……..**

**(4)** Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

30.    Trans Union violated the above section because it reported negative information for more than 7 years.

31.    Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Trans Union is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report. Section 1681i provides:

**§1681i. Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

**(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall**

reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information.

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all

**relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .**

**(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

**(5) Treatment of inaccurate or unverifiable information.**

**(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .**

32.    Trans Union willfully or negligently violated 1681i as it did not correct plaintiff's credit report.

33.    Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, Trans Union is required to follow reasonable procedures to assure maximum possible accuracy when it issues a credit report. Section 1681e provides:

**§ 1681e. Compliance procedures**

**(b) Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

34.     Trans Union violated section 1681e of the FCRA willfully and/or negligently.

35.     Trans Union willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute, (b) failed to correct plaintiff's credit report.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Trans Union for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

## COUNT II – FCRA CLAIM AGAINST BAC

.      Plaintiff incorporates all of the above paragraphs as though fully stated herein.

36.     BAC violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate Plaintiff's dispute when Trans Union contacted BAC in response to plaintiff disputing the credit report and in providing false information as a result.

37.     BAC continued to report and verify the old information on plaintiff's credit report even after plaintiff provided BAC with a public record, which its own law firm drafted, which demonstrated the inaccuracy of its reporting.

38.    Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

**(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

**(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

**(C) report the results of the investigation to the consumer reporting agency; and**

**(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

**(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

39.    BAC failed to carry out its duties under 1681s-2(b).

40.    BAC committed such violations willfully or negligently.

41.    Plaintiff is entitled to damages pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against BAC for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury on all issues so triable.

DATED this 10th day of October 2017.

Respectfully submitted,

By: /s/ Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com

# <u>EXHIBIT A</u>

Aaron Cohen
31 East Ln
Spring Valley, NY 10977
jgt2006@gmail.com
DOB xxxxxxxx
SS# xxxxxxxxx

**September 8, 2017**

Transunion

P.O. Box 2000

Chester PA 19016

VIA CERTIFIED MAIL RRR

Re:     FILE NUMBER 355548407

DISPUTE RE BANK OF AMERICA ACCOUNT 94704344

I have previously disputed this and you have taken no action, or have improperly "verified as accurate" despite the fact that the above referenced mortgage account with Bank of America must be deleted because the delinquency is greater than 7 years old. Attached is proof the delinquency is greater than 7 years including

1) Summons & Complaint filed by BAC on June 3rd, 2010 and
2) On transunions very own report it states "Last Payment Made" was in 2009

I sued Bank of America in white plains commercial claims court on this very issue for a previous dispute that went was improperly 'verified as accurate', and the court awarded $1,000 statutory damages.

Demand is again hereby made that this item be deleted off the credit report. Failure to do so will leave me no choice but to sue for FCRA violations in federal court against both transunion and Bank of America.

Thank you,
Aaron Cohen

## Adverse Accounts

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

### BAC HOME LOANS SERV LP  #9470****

4909 SAVARESE CIRCLE
FL1-908-01-47
Tampa, FL 33634
(800) 669-6607

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 08/11/2005 | Balance: | $0 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Individual Account | Date Updated: | 05/31/2013 | | |
| Account Type: | Mortgage Account | Last Payment Made: | 07/29/2009 | Terms: | $2,070 per month, paid Monthly for 360 months |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | High Balance: | $359,650 | Date Closed: | 05/31/2013 |
| | | | | | >Maximum Delinquency of 120 days in 10/2010 and in 04/2013< |

**Mortgage Info:** Fannie Mae ID #1000130 Acct #1699291379
**Remarks:** ACCT INFO DISPUTED BY CONSUMR; TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE

| | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | X | X | 120 | 120 | 120 |

| | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |

| | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |

| | 10/2010 | 09/2010 |
|---|---|---|
| Rating | 120 | X |

### EDUSRV/YESHIVA UNIV  #20830636672****

PO BOX 2901
WINSTON SALEM, NC 27102-2901
(212) 960-5269

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 01/14/1999 | Balance: | $0 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Individual Account | Date Updated: | 08/21/2012 | | |
| Account Type: | Installment Account | Last Payment Made: | 08/21/2012 | Terms: | Quarterly for 129 months |
| Loan Type: | STUDENT LOAN | High Balance: | $3,000 | Date Closed: | 08/21/2012 |
| | | Original Creditor: | YESHIVA UNIVERSITY (Educational) | | >Maximum Delinquency of 30 days in 07/2011 and in 04/2012< |

**Remarks:** TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE

| | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | 30 | X | X | X | X | X | X |

| | 09/2011 | 08/2011 | 07/2011 |
|---|---|---|---|
| Rating | X | X | 30 |

## Satisfactory Accounts

The following accounts are reported with no adverse information. The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

### ACCESSLEX INSTITUTE  #6475****

10 N HIGH ST
STE 400
WEST CHESTER, PA 19380
(800) 282-1550

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 09/16/2002 | Balance: | $0 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Individual Account | Date Updated: | 03/24/2012 | | |
| Account Type: | Installment Account | Payment Received: | $100 | Terms: | Monthly for 240 months |
| Loan Type: | STUDENT LOAN | Last Payment Made: | 11/09/2011 | Date Closed: | 03/24/2012 |
| | | High Balance: | $3,700 | | |

**Remarks:** ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE

| | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | N/R |

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ROCKLAND
----------------------------------------------------------------X

BAC HOME LOANS SERVICING, LP FKA
COUNTRYWIDE HOME LOANS SERVICING LP
7105 Corporate Drive
Plano, TX 75024

                    Plaintiff,

vs.

AARON COHEN, EMILY COHEN, NATIONAL CITY
BANK,

JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

                    Defendant(s).
----------------------------------------------------------------X

Doc ID:     Type: COU
Recorded: 06/03/2010
Fee Amt: $210.00 Page 1 of
Rockland County, NY
Paul Piperato County Clerk

SU-2010-005469

**SUMMONS**

ORIGINAL FILED WITH THE
CLERK ON _____

INDEX NO.:

MORTGAGED PREMISES:
14 BEAVER DAM ROAD
POMONA, NY 10970

SBL #:
32.16-2-21

TO THE ABOVE NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED to answer the Complaint in the above captioned action and to serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a Defendant in this action, may answer or appear within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

# <u>NOTICE</u>
## <u>YOU ARE IN DANGER OF LOSING YOUR HOME</u>

**<u>If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.</u>**

**<u>Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.</u>**

**Sending a payment to your mortgage company will not stop this foreclosure action.**

# YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

Rockland County is designated as the place of trial.   The basis of venue is the location of the mortgaged premises foreclosed herein.

DATED:        June 2, 2010

By: _Jill Anderson_____
Jill Anderson, Esq.
**Steven J. Baum, P.C.**
**Attorneys for Plaintiff**
**220 Northpointe Parkway Suite G**
**Amherst, NY 14228**
**Tel.: 716-204-2400**

The law firm of Steven J. Baum, P.C. and the attorneys whom it employs are debt collectors who are attempting to collect a debt. Any information obtained by them will be used for that purpose.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ROCKLAND
-----------------------------------------------------------------X

BAC HOME LOANS SERVICING, LP FKA
COUNTRYWIDE HOME LOANS SERVICING LP
7105 Corporate Drive
Plano, TX 75024

        Plaintiff,

vs.

AARON COHEN, EMILY COHEN, NATIONAL CITY
BANK,

JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

        Defendant(s).
-----------------------------------------------------------------X

**COMPLAINT**

INDEX NO.:

MORTGAGED PREMISES:
14 BEAVER DAM ROAD
POMONA, NY 10970

SBL #:
32.16-2-21

**FILED JL**

JUN 0 3 2010

ROCKLAND COUNTY
CLERK'S OFFICE

The Plaintiff by its attorneys, Steven J. Baum, P.C., for its complaint against the Defendant(s) alleges upon information and belief as follows:

FIRST:  Plaintiff is a limited partnership duly organized and existing under and by virtue of the laws of the State of Texas, and the owner and holder of a note and mortgage being foreclosed.

SECOND:  On or about the 11th day of August, 2005, AARON COHEN duly executed and delivered a note whereby AARON COHEN promised to pay the sum of $359,650.00 with interest on the unpaid balance of the debt.

THIRD:  That as security for the payment of said note AARON COHEN and EMILY COHEN duly executed and delivered a mortgage in the amount of $359,650.00 which mortgage was recorded as follows and mortgage tax paid thereon:

Recording Date: August 25, 2005
Instrument Number: 2005-00045242
County (or City Register of): Rockland

FOURTH:  The mortgaged premises are commonly known as 14 BEAVER DAM ROAD, POMONA, NY 10970 and more fully described in "Schedule A" attached to this complaint.  The tax map designation is known as all or part of SBL: 32.16-2-21.

FIFTH:  That the Defendant(s) AARON COHEN so named, has/have failed to comply with the conditions of the mortgage and note by failing to pay principal and interest and/or taxes, assessments, water rates, insurance premiums, escrow and/or other charges that came due and payable on the 1st day of September, 2009 as more fully set forth below.  Accordingly, Plaintiff elects to call due the entire amount secured by the mortgage.

# EXHIBIT B

Page: 1 of 1



File Number: 377954685
Date Issued: 09/25/2017

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

**Rating Key**
Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|-----|---|----|----|----|----|-----|-----|-----|------|------|-----|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Adverse Accounts

**BAC HOME LOANS SERV LP #9470****** ( 4909 SAVARESE CIRCLE, FL1-908-01-47, Tampa, FL 33634, (800) 669-6607 )

| | | | |
|---|---|---|---|
| Date Opened: | 08/11/2005 | Balance: | $0 |
| Responsibility: | Individual Account | Date Updated: | 05/31/2013 |
| Account Type: | Mortgage Account | Last Payment Made: | 07/29/2009 |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | High Balance: | $359,650 |

Pay Status: Current; Paid or Paying as Agreed
Terms: $2,070 per month, paid Monthly for 360 months
Date Closed: 05/31/2013
>Maximum Delinquency of 120 days in 12/2010 and in 04/2013<

Mortgage Info: Fannie Mae ID #1000130 Acct #1699291379
Remarks: TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE

| | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | X | X | 120 | 120 | 120 | 120 | 120 |

| | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |

| | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 |
|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 |