UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AARON COHEN, individually and on behalf
of a class                                                          Case No. 7:17-cv-07824-CS

                Plaintiff,            **AMENDED COMPLAINT- CLASS ACTION**

                               **JURY TRIAL DEMANDED**

BAC HOME LOANS SERVICING, LP
TRANS UNION, LLC
                Defendants.

------------------------------------------------------X

Plaintiff, amends his complaint as of right pursuant to FRCP 15(a)(1)(B) (as Trans Union answered the complaint 21 days ago) and alleges upon information and belief as follows:

**INTRODUCTION AND BACKGROUND FACTUAL INFORMATION**

1.  Plaintiff, Aaron Cohen, brings this class action lawsuit against Trans Union, LLC ("Trans Union") and BAC HOME LOANS SERVICING, LP ("BAC") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.  According to Plaintiff's Trans Union credit report he made his last payment on his BAC account on July 29, 2009.

3.  Old information is prohibited to be reported on a consumer's credit report.

4.  Adverse credit information may not be reported if it is over seven years old.

5.  Credit or consumer reporting agencies may legally keep adverse credit information on a consumer's credit report for only seven years

6.      Despite this negative BAC account information being more than seven years old Trans Union continues to report the information even though plaintiff disputed it multiple times with Trans Union.

7.      Indeed, Plaintiff sued BAC in small claims court for this exact issue and won a judgment against Bank of America.

8.      Despite winning in small claims court, his credit report continued to contain this information which is more than seven years old.

9.      Plaintiff made numerous disputes to BAC regarding this old account information being reported to others but nevertheless BAC continues after the disputes which took place after the small claims judgment to report this obsolete information.

10.     Plaintiff disputed the BAC tradeline with Trans Union multiple times since the small claims court judgment.

11.     Upon receipt of Plaintiff's disputes, Trans Union forwarded each dispute it received from Plaintiff to BAC.

12.     The dispute letters explained why the BAC account was too old to be reported on Plaintiff's credit report.

13.     Trans Union responded to Plaintiff's letters by verifying as accurate the old information being reported on Plaintiff's credit reports.

14.     Plaintiff suffered emotional distress damages, including frustration, irritation and anxiety as a result of Defendants' conduct.

15.     Plaintiff suffered monetary damages because of the cost of postage of mailing the letter to Trans Union.

16.     Plaintiff also suffered a loss of time dealing with his erroneous credit report.

17. Plaintiff's credit score suffered because of the obsolete information.

18. In *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007), the Supreme Court of the United States of America held that willfulness as defined by the damages provision of the FCRA not only includes knowing violations of the FCRA, but also includes violations of the FCRA committed in reckless disregard of the company's statutory obligations.

## JURISDICTION AND VENUE

19. This Court has jurisdiction under §15 USC 1681(p) (FCRA).

20. Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district.

## PARTIES

21. Defendant, "BAC" is a Texas limited partnership.

22. BAC is a "furnisher of information" as defined by the FCRA.

23. Trans Union is a corporation in Chicago, Illiois.

24. Trans Union is a "consumer reporting agency" as defined by the FCRA.

25. Plaintiff is a consumer as defined by the FCRA.

26. Plaintiff resides in Rockland County in New York.

## VIOLATIONS ALLEGED

### COUNT I – FCRA CLAIM AGAINST TRANS UNION

27. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

28. **§ 1681c. Requirements relating to information contained in consumer reports states:**

**(a) Information excluded from consumer reports**

> Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information:
>
> ……..
>
> (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.
>
> (5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

29.     Trans Union violated the above section because it issued a consumer report containing negative information more than 7 years old.

30.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Trans Union is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report. Section 1681i provides:

> **§1681i. Procedure in case of disputed accuracy**
>
> **(a) Reinvestigations of disputed information.**
>
> **(1) Reinvestigation required.**
>
> **(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.**

**(B) Extension of period to reinvestigate.** Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

**(C) Limitations on extension of period to reinvestigate.** Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

**(2) Prompt notice of dispute to furnisher of information.**

**(A) In general.** Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

**(B) Provision of other information from consumer.** The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .

> **(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**
>
> **(5) Treatment of inaccurate or unverifiable information.**
>
> **(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .**

31.     Trans Union willfully or negligently violated 1681i as it did not correct plaintiff's credit report not to report the obsolete information.

32.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, Trans Union is required to follow reasonable procedures to assure maximum possible accuracy when it issues a credit report. Section 1681e provides:

> **§ 1681e. Compliance procedures**
>
> **(a) Identity and purposes of credit users**
>
> Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title
>
> **(b) Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

33. Trans Union violated section 1681e of the FCRA willfully and/or negligently.

34. Trans Union willfully or negligently (a) failed to have reasonable procedures not to issue consumer reports with obsolete information and, (b) failed to have reasonable procedures to assure maximum possible accuracy..

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Trans Union for:

(1) Appropriate punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

## COUNT II – FCRA CLAIM AGAINST BAC

35. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

36. BAC violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate Plaintiff's dispute when Trans Union contacted BAC in response to plaintiff disputing the credit report and in providing false information as a result.

37. BAC continued to report and verify the old information on plaintiff's credit report even after plaintiff provided BAC with a public record, which its own law firm drafted, which demonstrated the inaccuracy of its reporting.

38.     Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

**(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

**(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

**(C) report the results of the investigation to the consumer reporting agency; and**

**(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

39.      BAC failed to carry out its duties under 1681s-2(b).

40.     BAC committed such violations willfully.

41.     Plaintiff is entitled to damages pursuant to 15 U.S.C. §1681n.

             WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against BAC for:

(1) Appropriate punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

## CLASS ALLEGATIONS

42.      Plaintiffs bring this action pursuant to FRCP 23(a); and FRCP 23(b)(2) and FRCP 23(b)(3) and on behalf of himself and 2 Classes defined as follows: The first class is:

a) all consumers in the United States of America, b) who disputed to Trans Union a BAC account containing negative information on their credit report because it was more than 7 years old, c) but the BAC account remained on the Trans Union credit report, (e) on or after a date 2 years prior to the filing of this action.

43. The second class is a) all consumers in the United States of America, b) where Trans Union issued a consumer report containing a BAC account containing negative information where it was more than 7 years old (d) on or after a date 2 years prior to the filing of this action.

44. Numerosity: Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to allege at this time the exact number of class members; however, Plaintiff believes that there are at a minimum thousands of Class Members. Plaintiff believes that Defendants' records maintained in the ordinary course of business will readily reveal the exact number of class members.

45. Commonality: This action presents material questions of law and fact common to the Classes. Such questions include but are not limited to-

Did BAC and Trans Union report negative information more than 7 years old?

Did BAC and Trans Union violate the statute willfully?

Did plaintiff and the class suffer damages?

46. Typicality: Plaintiffs' claims are typical of the claims of other members of each Class, as Plaintiff and other members of the Class suffered the same type of harm arising out of Defendants' failure to comply with the FCRA's requirement related to deleting obsolete information.

47. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of each Class, and has retained counsel competent and experienced in complex class

actions. Plaintiff is a member of each Class, Plaintiff has no interest antagonistic to any other members of each Class, and Defendant has no defenses unique to Plaintiff.

48.     Predominance: The questions of law or fact common to each Class Members predominate over any questions affecting only individual members. Defendants' course of conduct can be discovered without any need for participation by individual Class Members. Similarly, this Court's determination of law can be made without any need for participation by individual Class Members. Each Class's claims present no issues of causation or reliance unique to individual class members.

49.     Superiority: A class action is superior to all other methods for the fair and efficient adjudication of this controversy. This action presents textbook facts and circumstances for the conduct of a class action to afford each individual Class Member a fair and efficient manner by which to prosecute his or her common claims and, likewise, a fair and efficient manner by which Defendant may defend such claims.

50.     Individual prosecution of this matter in separate actions is not desirable as each Class Member's damages likely is in the hundreds of dollars and they will need to incur nearly the same investment to prosecute their individual case as plaintiff in this case will incur to prosecute this case. The interests of individual Class Members are overwhelmingly best served by the conduct of a class action.

51.     Individual litigation of this matter would unduly increase expenses to all parties and prolong efficient adjudication given the expected size of the class.

52.     Upon information and belief, there is no other litigation concerning this controversy that has already been commenced by or against members of the class.

53.     Class membership is readably identifiable from Defendants' records that they maintain such as name, social security number, last known address and other identifying data.

WHEREFORE, plaintiff requests that the Court certify each class and enter judgment in his favor and the class's favor and against BAC and Trans Union for:

(1) Appropriate punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

DATED this 24th day of November 2017.

                                               Respectfully submitted,

                                               By: /s/ Shimshon Wexler

                                               The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com