UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AARON COHEN, individually and on behalf
of a class                                     Case No. 7:17-cv-07824-CS
                           Plaintiff,

                                   SECOND AMENDED
                                   COMPLAINT- CLASS ACTION
                                   JURY TRIAL DEMANDED

BAC HOME LOANS SERVICING, LP
TRANS UNION, LLC
                         Defendants.
------------------------------------------------------X
Plaintiff, amends his complaint with the Court's permission (See Minute Entry for
conference held on 1/29/18) and alleges upon information and belief as follows:

## INTRODUCTION AND BACKGROUND FACTUAL INFORMATION

1. Plaintiff, Aaron Cohen, brings this class action lawsuit against Trans Union,
LLC ("Trans Union") and BAC HOME LOANS SERVICING, LP ("BAC") for
violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2. Plaintiff's Trans Union credit report shows that he made his last payment on his
BAC account on July 29, 2009.

3. After that date Plaintiff never brought his account current and his credit report
should have reflected that the date of his first delinquency is either August 2009 or
September 2009.

4. After Plaintiff's last payment his credit report showed adverse payment
information in the form of delinquent payments.

5. Adverse credit information may not be reported if it is over seven years old with
certain exceptions not present here.

6. Thus, this account should have been removed from plaintiff's credit report in
either August 2016 or September 2016.

7. Upon information and belief, the account was never charged off.

8. According to an Equifax 3-in-1 Credit Report dated July 17, 2015, Equifax and
Experian were reporting plaintiff's BAC account with an "account status" of "Late

Over 120 Days" while Trans Union was reporting the "account status" as "As Agreed". See **Exhibit A.**

9. Upon information and belief, both Trans Union and BAC were responsible for the false reporting that the account was being paid as agreed despite the account having been transferred in 2013 and despite the account not having been paid as agreed since 2009.

10. According to a Trans Union credit report dated August 12, 2015, Trans Union was reporting Plaintiff's BAC account with a "Last Payment Made: 07/29/2016". **See Exhibit B.**

11. According to a Trans Union credit report dated August 12, 2015, Trans Union was reporting Plaintiff's BAC account with a "Pay Status" of "Current; Paid or Paying as Agreed". **See Exhibit B.**

12. According to a Trans Union credit report dated August 12, 2015, Trans Union was reporting Plaintiff's BAC account with a a maximum delinquency of 120 days in 12/2009 and 04/2013. **See Exhibit B.**

13. According to a Trans Union credit report dated August 12, 2015, Trans Union was reporting Plaintiff's BAC account payment history with 30 days late in 09/2009 and 120 days late in 12/2009. **See Exhibit B**

14. Upon information and belief, both Trans Union are responsible for the reporting that the account that the account was being paid as agreed.

15. According to a Trans union credit report dated December 4, 2016, Trans Union was reporting Plaintiff's BAC account with a "Pay Status" of "Current; Paid or Paying as Agreed". **See Exhibit C**

16. Upon information and belief, both Trans Union and BAC were responsible for the false reporting that the account was being paid as agreed despite the account having been transferred in 2013 and despite the account not having been paid as agreed since 2009.

17. According to a Trans union credit report dated December 4, 2016, Trans Union was reporting Plaintiff's BAC account with a maximum delinquency of 120 days in 03/2010 and in 04/2013. **See Exhibit C**

18. As noted above, Plaintiff's August 12, 2015 Trans Union credit report was reporting Plaintiff's BAC account as 120 days late in 12/2009. **See Exhibit B**.

19. According to a Trans union credit report dated December 4, 2016, Trans Union was reporting Plaintiff's BAC account with a payment history only going back to 03/2010.

20. Upon information and belief, this was because Trans Union did not want to report any negative information older than 7 years counting from when the first 120 day late payment was being notated.

21. Upon information and belief, at the time of the December 4, 2016 credit report, BAC and Trans Union without regard to their obligations under the law recklessly believed that the initial 30 day late payment was December 2009 and they only reported 120 day past due payments but not 30, 60 or 90 day past due payments. Thus, the account history shows the first 120 day late payment in 03/2010 even though 7 years prior to December 2016 would allow them to report adverse information from December 2009. **See Exhibit C.**

22. According to Experian, Trans Union was reporting as of June 26, 2017 that Plaintiff's payment status on his BAC account is paid or paying as agreed. See **Exhibit D**.

23. Notably, this June 26, 2017 report shows a 24 month payment history indicating 120 days late from the period of May 2011 to April 2013.  **See Exhibit D**

24. A July 6, 2017 credit report from Trans Union shows that Plaintiff's pay status on his BAC account is Current; Paid or Paying as agreed even though Plaintiff hadn't made a payment on this account since 2009. **See Exhibit E**.

25. According to the July 6, 2017 credit report the maximum delinquency of 120 days occurred in 10/2010 and in 04/2013. **See Exhibit E**.

26. The July 6, 2017 credit report from Trans Union shows a payment history dating only back to 10/2010. **See Exhibit E**.

27. Upon information and belief, at the time of the July 6, 2017 credit report, BAC and Trans Union without regard to their obligations under the law recklessly believed that the initial 30 day late payment was July 2010 and they only reported 120 day past due payments but not 30, 60 or 90 day past due payments. Thus, the account history shows the first 120 day late payment in 10/2010 even though 7 years prior to July 2010 would allow them to report adverse information from December 2010. **See Exhibit E**.

28. According to a July 28, 2017 credit report from Trans Union, BAC was reporting Plaintiff's account with a pay status of current; paid or paying as agreed. **See Exhibit F**.

29. According to an August 31, 2017 credit report, Trans Union was reporting Plaintiff's account as Current; paid or paying as agreed. **See Exhibit G**.

30. According to the August 31, 2017 credit report the maximum delinquency of 120 days occurred in 11/2010 and in 04/2013. **See Exhibit G**.

31. Upon information and belief, at the time of the August 31, 2017 credit report, BAC and Trans Union without regard to their obligations under the law recklessly believed that the initial 30 day late payment was August 2010 and they only reported 120 day past due payments but not 30, 60 or 90 day past due payments. Thus, the account history shows the first 120 day late payment in 11/2010 even though 7 years prior to August 2010 would allow them to report adverse information from August 2010**. See Exhibit G**.

32. According to Experian, as of February 6, 2018, Equifax and Experian were not reporting plaintiff's BAC account at all while Trans Union was reporting the "payment status" as "Paid or paying as agreed". **See Exhibit H**.

33. Upon information and belief, both Trans Union and BAC were responsible for the false reporting that the account was being paid as agreed despite the account having been transferred in 2013 and despite the account not having been paid as agreed since 2009.

34. Even after receiving numerous disputes from Plaintiff, BAC continued falsely reporting that the account's pay status was current; paid or paying as agreed which caused the account to look like a current account even though it was too old to be reported.

35. Even after  receiving numerous disputes from Plaintiff, BAC continued falsely reporting that the account had a maximum delinquency of 120 days in 11/2010 when in fact the initial maximum delinquency of 120 days was in December 2009.

36. This caused the account to seem like plaintiff's first 30 day delinquency began 7 years ago and was allowed to be reported when in fact plaintiff's first delinquency began prior to 7 years ago and thus was not allowed to be reported.

37. Plaintiff sued BAC for causing old information to be on plaintiff's credit report because they were showing the wrong initial 30 day late payment and because they were showing the account with a payment status of paid or paying as agreed.

38. Plaintiff won a judgment against BAC in small claims court.

39. Plaintiff disputed the BAC tradeline with Trans Union multiple times since the small claims court judgment.

40. Upon receipt of Plaintiff's disputes, Trans Union forwarded each dispute it received from Plaintiff to BAC.

41. The dispute letters explained why the BAC account was too old to be reported on Plaintiff's credit report and conveyed the clear message that the Trans Union credit report was incorrect because it was showing a wrong initial 30 day late payment and that the account status was not paying or paid as agreed.

42. Trans Union responded to Plaintiff's letters by verifying the initial 30 day delinquency date and that the payment status was paid or paying as agreed.

43. As noted above, both Experian and Trans Union were not reporting this obsolete information.

44. Plaintiff suffered emotional distress damages, including frustration, irritation and anxiety as a result of Defendants' conduct.

45. Plaintiff suffered monetary damages because of the cost of postage of mailing the letter to Trans Union.

46. Plaintiff also suffered a loss of time dealing with his erroneous credit report.

47. Plaintiff's credit score suffered because of the obsolete information. His credit score is 718 with Trans Union but 782 and 791 with Equifax and Experian respectively. **See Exhibit I.**

48. In Safeco Ins. Co. of Am. v. Burr, 127 S. Ct. 2201 (2007), the Supreme Court of the United States of America held that willfulness as defined by the damages provision of the FCRA not only includes knowing violations of the FCRA, but also includes violations of the FCRA committed in reckless disregard of the company's statutory obligations.

## **JURISDICTION AND VENUE**

49. This Court has jurisdiction under §15 USC 1681(p) (FCRA).

50. Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district.

## PARTIES

51. Defendant, "BAC" is a Texas limited partnership.

52. BAC is a "furnisher of information" as defined by the FCRA.

53. Trans Union is a corporation in Chicago, Illiois.

54. Trans Union is a "consumer reporting agency" as defined by the FCRA.

55. Plaintiff is a consumer as defined by the FCRA.

56. Plaintiff resides in Rockland County in New York.

## VIOLATIONS ALLEGED

## COUNT I – FCRA CLAIM AGAINST TRANS UNION

57. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

58. § 1681c. Requirements relating to information contained in consumer reports states:

(a) Information excluded from consumer reports

Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information:

……..

(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

(5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

59. Trans Union violated the above section negligently and/or willfully because it issued a consumer report containing negative information in the form of delinquent payments when the negative information arose more than 7 years ago.

60. Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Trans Union is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report. Section 1681i provides:

§1681i. Procedure in case of disputed accuracy

(a) Reinvestigations of disputed information.

(1) Reinvestigation required.

(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information.

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of inaccurate or unverifiable information.

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .

61. Trans Union willfully or negligently violated 1681i as it did not correct plaintiff's credit report to show that the account status was not paid or paying as agreed and that the initial 30 day late period on plaintiff's BAC account continued to be pushed forward each month so that the initial 30 day late payment was 7 years prior to the report when this was not true.

62. This caused Trans Union to report the obsolete BAC delinquent payment information.

63. Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, Trans Union is required to follow reasonable procedures to assure maximum possible accuracy when it issues a credit report. Section 1681e provides:

§ 1681e. Compliance procedures

(a) Identity and purposes of credit users

Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title

(b) Accuracy of report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

64. Trans Union violated section 1681e of the FCRA willfully and/or negligently because it did not have reasonable procedures to insure that accounts were not showing an account status as paid or paying as agreed when they clearly were not;

it did not have reasonable procedures to insure that BAC did not continue to change its reporting of plaintiff's first 30 day delinquency; and it did not have reasonable procedures to insure that obsolete information was not contained on plaintiff's report.

65. Trans Union willfully or negligently (a) failed to have reasonable procedures not to issue consumer reports with obsolete information and, (b) failed to have reasonable procedures to assure maximum possible accuracy..

WHEREFORE, plaintiff requests that the Court enter judgment in his

favor and against Trans Union for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

## COUNT II – FCRA CLAIM AGAINST BAC

66. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

67. BAC violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate Plaintiff's dispute when Trans Union contacted BAC in response to plaintiff disputing his BAC tradeline. **See Exhibit J** for the dispute letter.

68. BAC continued to report and verify a false initial max delinquency date as well as a payment status of current or paid as agreed when this was false information as was evident from BAC's own records and the dispute letters.

69. Section 1681s-2(b) provides:

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the

information and that compile and maintain files on consumers on a nationwide basis.

70. BAC failed to carry out its duties under 1681s-2(b).

71. BAC committed such violations willfully and/or negligently.

72. Plaintiff is entitled to damages pursuant to 15 U.S.C. §1681n.

WHEREFORE, plaintiff requests that the Court enter judgment in his

favor and against BAC for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

## <u>CLASS ALLEGATIONS</u>

73. Plaintiffs bring this action pursuant to FRCP 23(a); and FRCP 23(b)(2)

and FRCP 23(b)(3) and on behalf of himself and 2 Classes defined as follows: The first class is:

a) all consumers in the United States of America, b) where Bank of America's records show that they disputed to Trans Union a BAC account containing negative information on their credit report because the initial delinquency was more than 7 years old, c) but BAC continued to report falsely to Trans Union the accounts initial max delinquency date or that the account was with a pay status of current or paid as agreed, (d) on or after a date 2 years prior to the filing of this action.

74. The second class is

a) all consumers in the United States of America, b) where Trans Union issued a credit report containing a BAC account which contained negative information where the initial delinquency was more than 7 years old (c) on or after a date 2 years prior to the filing of this action.

75. Numerosity: Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to allege at this time the exact number of class members; however, Plaintiff believes that there are at a minimum thousands of Class Members. Plaintiff believes that Defendants' records maintained in the ordinary course of business will readily reveal the exact number of class members.

76. Commonality: This action presents material questions of law and fact common to the Classes. Such questions include but are not limited to-

Did BAC and Trans Union cause to be reported negative information where the initial delinquency was more than 7 years old?

Did BAC and Trans Union violate the statute willfully?

Did plaintiff and the class suffer damages?

77. Typicality: Plaintiffs' claims are typical of the claims of other members of each Class, as Plaintiff and other members of the Class suffered the same type of harm arising out of Defendants' failure to comply with the FCRA's requirement related to deleting obsolete information.

78. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of each Class, and has retained counsel competent and experienced in complex class actions. Plaintiff is a member of each Class, Plaintiff has no interest antagonistic to any other members of each Class, and Defendant has no defenses unique to Plaintiff.

79. Predominance: The questions of law or fact common to each Class Members predominate over any questions affecting only individual members. Defendants' course of conduct can be discovered without any need for participation by individual Class Members. Similarly, this Court's determination of law can be made without any need for participation by individual Class Members. Each Class's claims present no issues of causation or reliance unique to individual class members.

80. Superiority: A class action is superior to all other methods for the fair and efficient adjudication of this controversy. This action presents textbook facts and circumstances for the conduct of a class action to afford each individual Class Member a fair and efficient manner by which to prosecute his or her common claims and, likewise, a fair and efficient manner by which Defendant may defend such claims.

81. Individual prosecution of this matter in separate actions is not desirable as each Class Member's damages likely is in the hundreds of dollars and they will need to incur nearly the same investment to prosecute their individual case as plaintiff in this case will incur to prosecute this case. The interests of individual Class Members are overwhelmingly best served by the conduct of a class action.

82. Individual litigation of this matter would unduly increase expenses to all parties and prolong efficient adjudication given the expected size of the class.

83. Upon information and belief, there is no other litigation concerning this controversy that has already been commenced by or against members of the class.

84. Class membership is readably identifiable from Defendants' records that they maintain such as name, social security number, last known address and other identifying data.

WHEREFORE, plaintiff requests that the Court certify each class and enter judgment in his favor and the class's favor and against BAC and Trans Union for:

(1) Appropriate punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.


DATED this 7th day of February 2018.

Respectfully submitted,
By: /s/ Shimshon Wexler
The Law Offices of Shimshon
Wexler, PC
216 West 104th St., #129
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com

# Exhibit A

demonstrates stability to lenders. Also, especially if you have been managing credit for a short time, opening many new accounts will lower your average account age and may have a negative impact.

| | Equifax | TransUnion | Experian |
|---|---|---|---|
| Length of Credit History | 18 Years, 0 Months | 18 Years, 0 Months | 18 Years, 0 Months |
| Average Account Age | 10 Years, 9 Months | 10 Years, 8 Months | 10 Years, 10 Months |
| Oldest Account | AMS SERVING GROUP (Opened 07/1997) | AMS-SG/YESHI (Opened 07/1997) | CMPPTNRS/YESHIVA U (Opened 07/1997) |
| Most Recent Account | CAPITAL ONE (Opened 07/2011) | CAPITAL ONE (Opened 07/2011) | CAP ONE (Opened 07/2011) |

## Inquiries - Requests for your Credit History

Numerous inquires on your credit file for new credit may cause you to appear risky to lenders, so it is usually better to only seek new credit when you need it. Typically lenders distinguish between inquiries for a single loan and many new loans in part by the length of time over which the inquiries occur. So, when rate shopping for a loan it's a good idea to do it within a focused period of time.

| | Equifax | TransUnion | Experian |
|---|---|---|---|
| Inquiries in the Last 2 Years | 2 | 1 | 2 |
| Most Recent Inquiry | CAP ONE (Opened 11/2014) | CAP ONE (Opened 11/2014) | CAP ONE NA (Opened 11/2014) |

## Potentially Negative Information

Late payments, collections and public records can have a negative impact on your credit standing. The more severe they are and the more recent they are, the more negative the potential impact.

| | Equifax | TransUnion | Experian |
|---|---|---|---|
| Public Records | 0 | 0 | 0 |
| Negative Accounts | 14 | 9 | 8 |
| Collections | 0 | 0 | 0 |

## Mortgage Accounts

Mortgage accounts include first mortgages, home equity loans, and any other loans secured by real estate you own.

## Closed Accounts

| | Equifax | TransUnion | Experian |
|---|---|---|---|
| Account Type: | Mortgage | Mortgage | Mortgage |
| Account Number: | 9470XXXX | 9470XXXX | 9470XXXX |
| Payment Responsibility: | Individual | Individual | Individual |
| Date Opened: | 08/2005 | 08/2005 | 08/2005 |
| Balance Date: | 05/2013 | 05/2013 | 05/2013 |
| Balance Amount: | $0 | $0 | $0 |
| Monthly Payment: | | | $0 |
| High/Limit: | $359,650 | $359,650 | $0 |
| Account Status: | Late Over 120 Days | As Agreed | $359,650 |
| Past Due Amount: | $0 | $0 | Late Over 120 Days |
| | | | $0 |
| Comments: | LAST REPORTED DELINQUENCIES: 04/2013=M5,03/2013=M5,02/2013=M5 CONSUMER DISPUTES THIS ACCOUNT INFORMATION FANNIE | LAST REPORTED DELINQUENCIES: 04/2013=M5,03/2013=M5,02/2013=M5 ACCT INFO DISPUTED MEETS FCRA | ACCOUNT DELINQUENT 180 DAYS PAST DUE DATE LAST |

MAE ACCOUNT

REPORTED DELINQUENCIES: 04/2011=M6 ACCOUNT TRANSFERRED TO ANOTHER OFFICE ACCOUNT INFORMATION DISPUTED BY CONSUMER LAST PAID: 07/2009

**BANK OF AMERICA, N.A.**
450 AMERICAN ST
SIMI VALLEY, CA-93065
(800) 669-6607

**24-Month Payment History**

Equifax

| 120 | 120 | 120 | 120 | 120* | * | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May |
| 13 | 13 | 13 | 13 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 |

TransUnion

| 120 | 120 | 120 | 120 | 120 | NR | NR | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May |
| 13 | 13 | 13 | 13 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 |

Experian

| NR | 120 | 120 | 120 | 120 | 120 | NR | NR | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun |
| 13 | 13 | 13 | 13 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 11 | 11 | 11 | 11 | 11 | 11 | 11 | 11 |

**Seven-Year Payment History**

| | Equifax | TransUnion | Experian |
|---|---|---|---|
| 30 Days Past Due: | 2 | 2 | 2 |
| 60 Days Past Due: | 1 | 1 | 1 |
| 90 Days Past Due: | 39 | 39 | 39 |

| | Equifax | Trans-Union | Experian |
|---|---|---|---|
| Account Type: | | **Mortgage** | **Mortgage** |
| Account Number: | | 2998XXXX | 2998XXXX |
| Payment Responsibility: | | Individual | Individual |
| Date Opened: | | 07/2003 | 07/2003 |
| Balance Date: | | 09/2005 | 09/2005 |
| Balance Amount: | | $0 | |
| Monthly Payment: | | | |
| High/Limit: | | $320,000 | $320,000 |
| Account Status: | | As Agreed | As Agreed |
| Past Due Amount: | | $0 | $0 |
| Comments: | | CLOSED | PAID CURRENT ACCOUNT LAST PAID: |

# Exhibit B

| Employer Name | Position | Date Verified |
|---|---|---|
| COHEN LAW FIRM | | 04/01/2011 |
| CREST RIDGE | | 06/11/2009 |
| SAMSON EQUITIES LLC | PRES | 06/23/2008 |
| JAC RAC REALTY LLC | CFO | 09/01/2006 |
| ARTHUR SCHWARTZ | | 05/26/2006 |
| AMERICA LIBERTY ASSC | | 05/08/2006 |
| AMERICAN LIBERTY ASSOCIATES | | 10/21/2005 |

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

**Rating Key:**
Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | | | | | | | V | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

**Remarks Key:**
Additionally, some creditors may notate your account with comments each month. We refer to these creditor comments as 'Remarks'. The key below gives the descriptions of the abbreviated remarks contained in your credit file. Any remark containing brackets > < indicates that this remark is considered adverse.

**AID** ACCT INFO DISPUTED BY CONSUMR
**>PRL<** UNPAID BALANCE CHARGED OFF
**>TTR<** TRANSFERRED TO RECOVERY

**>FPI<** FORECLOSURE INITIATED
**TRF** TRANSFERRED TO ANOTHER OFFICE

**PPA** PAYING PARTIAL PMT AGMT
**TRL** TRANSFERRED TO ANOTHER LENDER

## Adverse Accounts

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

### BAC HOME LOANS SERV LP  #9470****
150 N COLLEGE ST
MC NC1 028 22 01
CHARLOTTE, NC 28255
(800) 451-6362

| | | | | | | |
|---|---|---|---|---|---|---|
| Date Opened: | 08/11/2005 | Date Updated: | 05/31/2013 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Individual Account | Payment Received: | $0 | | |
| Account Type: | Mortgage Account | Last Payment Made: | 07/29/2009 | Terms: | $2,070 per month, paid Monthly for 360 months |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | | | Date Closed: | 05/31/2013 |
| | | | | | >Maximum Delinquency of 120 days in 12/2009 and in 04/2013 for $135,866< |

**High Balance:** High balance of $359,650 from 02/2013 to 05/2013
**Mortgage Info:** Fannie Mae ID #1000130 Acct #1699291379

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | |
| Balance | $0 | $339,486 | $339,486 | $339,486 | | | | | | |
| Scheduled Payment | $2,070 | $2,070 | $2,070 | $2,070 | | | | | | |
| Amount Paid | $0 | $0 | $0 | $0 | | | | | | |
| Past Due | $0 | $135,866 | $128,200 | $120,533 | | | | | | |
| Remarks | AID TRL TRF | AID | AID | AID | | | | | | |
| Rating | OK | 120 | 120 | 120 | | | X | X | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | X | | 120 | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 90 | 60 | | | OK | OK | 30 | 60 | OK | |

| Rating | | | | | | | | | |
|--------|--|--|--|--|--|--|--|--|--|
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| Rating | | | | | | | | | |
|--------|--|--|--|--|--|--|--|--|--|
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| Rating | | | | | | | | | |
|--------|--|--|--|--|--|--|--|--|--|
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| Rating | | | |
|--------|--|--|--|
| OK | OK | OK |

## BANK OF AMERICA  #37463268500****

150 N COLLEGE ST
MC NC1-028-22-01
CHARLOTTE, NC 28255
(800) 655-1491

| | | | | | |
|--|--|--|--|--|--|
| Date Opened: | 03/03/1999 | Balance: | $0 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Individual Account | Date Updated: | 01/01/2010 | | |
| Account Type: | Revolving Account | Payment Received: | $10,500 | Terms: | Paid Monthly |
| Loan Type: | CREDIT CARD | High Balance: | $68,055 | Date Closed: | 11/03/2009 |
| | | Credit Limit: | $66,200 | | >Maximum Delinquency of 60 days in 12/2009< |

**Remarks:** >SETTLED-LESS THAN FULL BLNC<; CLOSED
**Estimated month and year that this item will be removed:** 09/2016

| Rating | | | | | | | | | |
|--------|--|--|--|--|--|--|--|--|--|
| 60 | 30 | OK | OK | OK | OK | OK | OK | OK | OK |

| Rating | | | | | | | |
|--------|--|--|--|--|--|--|--|
| OK | OK | OK | OK | OK | OK | OK |

## CITIBANK NA  #994191****

1000 TECHNOLOGY DR
MS 504A
O'FALLON, MO 63368-2240
(800) 685-0935

| | | | | | |
|--|--|--|--|--|--|
| Date Opened: | 07/15/2008 | Date Updated: | 07/31/2015 | Pay Status: | >Charged Off< |
| Responsibility: | Individual Account | Payment Received: | $0 | Terms: | Paid Monthly |
| Account Type: | Line of Credit Account | Last Payment Made: | 07/02/2009 | Date Closed: | 02/26/2010 |
| Loan Type: | LINE OF CREDIT | Original Charge-off: | $49,999 | | >Maximum Delinquency of 120 days in 12/2009 and in 01/2010< |

**High Balance:** High balance of $50,000 from 02/2013 to 07/2015
**Credit Limit:** Credit limit of $50,000 from 02/2013 to 07/2015
**Estimated month and year that this item will be removed:** 08/2016

| Balance | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 |
|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Past Due | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Remarks | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| Balance | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 |
|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Past Due | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Remarks | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| Balance | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 | $49,999 |
|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|---------|
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Past Due | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Remarks | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| Rating | | | | | | | | | |
|--------|--|--|--|--|--|--|--|--|--|
| C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| Rating | | | | | | | | | |
|--------|--|--|--|--|--|--|--|--|--|
| C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

# Exhibit C

TransUnion Online Investigation Service: Updated Credit File

12/4/16, 8:42 PM

this remark is considered adverse.

**CAD** DISPUTE ACCT/CLSED BY CONSUMR                          **>PRL<** UNPAID BALANCE CHARGED OFF

## Adverse Accounts

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

### BAC HOME LOANS SERV LP  #9470****

4909 SAVARESE CIRCLE
FL1-908-01-47
Tampa, FL 33634
(800) 669-6607

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 08/11/2005 | Balance: | $0 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Individual Account | Date Updated: | 05/31/2013 | | |
| Account Type: | Mortgage Account | Last Payment Made: | 07/29/2009 | Terms: | $2,070 per month, paid Monthly for 360 months |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | High Balance: | $359,650 | | |
| | | | | Date Closed: | 05/31/2013 |
| | | | | | >Maximum Delinquency of 120 days in 03/2010 and in 04/2013< |

Mortgage Info: Fannie Mae ID #1000130 Acct #1699291379
Remarks: ACCT INFO DISPUTED BY CONSUMR; TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE

| | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | X | X | | | |

| | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | |

| | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | |

| | 10/2010 | 09/2010 | 08/2010 | 07/2010 | 06/2010 | 05/2010 | 04/2010 | 03/2010 |
|---|---|---|---|---|---|---|---|---|
| Rating | | X | | | | | | |

### DSNB/BLOOMINGDALES  #603534222196****

PO BOX 8218
MASON, OH 45040
Phone number not available

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 12/14/2008 | Date Updated: | 11/25/2016 | Pay Status: | >Charged Off< |
| Responsibility: | Individual Account | Last Payment Made: | 08/14/2015 | Terms: | Paid Monthly |
| Account Type: | Revolving Account | | | Date Closed: | 07/20/2015 |
| Loan Type: | CHARGE ACCOUNT | Original Charge-off: | $596 | | >Maximum Delinquency of 120 days in 01/2016 and in 02/2016< |

High Balance: High balance of $1,317 from 07/2016 to 07/2016; $1,317 from 09/2016 to 09/2016; $1,317 from 11/2016 to 11/2016
Credit Limit: Credit limit of $500 from 07/2016 to 07/2016; $500 from 09/2016 to 09/2016; $500 from 11/2016 to 11/2016
Estimated month and year that this item will be removed: 08/2022

| | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $596 | | $596 | | $596 | | | | | |
| Scheduled Payment | | | $0 | | $0 | | | | | |
| Amount Paid | | | $0 | | $0 | | | | | |
| Past Due | $574 | | $520 | | $466 | | | | | |
| Remarks | CAD >PRL< | | CAD >PRL< | | CAD >PRL< | | | | | |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 01/2016 | 12/2015 |
|---|---|---|
| Rating | C/O | 90 |

### EDUSRV/YESHIVA UNIV  #20830636672****

PO BOX 2901
WINSTON SALEM, NC 27102-2901
(612) 960-5269

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 01/14/1999 | Balance: | $0 | Pay Status: | Current; Paying or Paying as Agreed |
| Responsibility: | Individual Account | Date Updated: | 08/21/2012 | | |
| Account Type: | Installment Account | Last Payment Made: | 08/21/2012 | Terms: | Quarterly for 129 months |
| Loan Type: | STUDENT LOAN | High Balance: | $3,000 | | |
| | | Original Creditor: | YESHIVA | Date Closed: | 08/21/2012 |
| | | | | | >Maximum Delinquency of 30 days in |

# Exhibit D

AARON COHEN
Report As Of: 6/26/2017



# Credit Cards, Loans & Other Debt

Here you will find specific information on each account you opened, including current status and any past due information. Positive credit information remains on your report indefinitely. Creditor contact information has been provided in order to make it easier for you to resolve any issues.

---

## ACS/700212

Experian     Equifax

Current Closed

8008354611
C/O ACS
501 BLEEKER STREET
UTICA, NY 13501

| | Equifax |
|---|---|
| Account Name | ACS/700212 |
| Account # | 636672XXX |
| Account Type | Employment |
| Balance | $0.00 |
| Past Due | $0.00 |
| Date Opened | 9/16/2002 |
| Account Status | Closed |
| Mo. Payment | $50.00 |
| Payment Status | Paid or paying as agreed |
| High Balance | $11,818.00 |
| Limit | $0.00 |
| Terms | 240 Months |
| Comments | |

### 24/Mo Payment History

| | 2010 | | | | | 2011 | | | | | | | | | | | 2012 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL |
| Transunion | | | | | | | | | | | | | | | | | | OK | OK | OK | OK | OK | OK |

---

## BANKAMERICA

Experian     Equifax

Potentially Negative Closed

8006596607
4909 SAVARESE CIRCLE
FL1-908-01-47
TAMPA, FL 33634

| | Equifax |
|---|---|
| Account Name | BANKAMERICA |
| Account # | 947043XX |
| Account Type | Banks and S&Ls |
| Balance | $0.00 |
| Past Due | $0.00 |
| Date Opened | 8/11/2005 |
| Account Status | Closed |
| Mo. Payment | $2,070.00 |
| Payment Status | Paid or paying as agreed |
| High Balance | $359,650.00 |
| Limit | $0.00 |
| Terms | 360 Months |
| Comments | |

### 24/Mo Payment History

| | 2011 | | | | | | | | 2012 | | | | | | | | | | | | 2013 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR |
| Transunion | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | ND | ND | 120 | 120 | 120 | 120 | 120 |

---

Personal Information     Report Summary     Bankruptcies     Credit Inquiries     Credit Cards & Loans *Page 19 of 23*     Credit Score

# Exhibit E

7/6/17, 2:35 PM

TrarsUnion Online Investigation Service: Investigate Account Information

AARON COHEN

TransUnion®   **ONLINE DISPUTE SERVICE**

HELP

# Investigate Account Information

To dispute the details of this account, check the appropriate checkbox(es) below. When you are finished, click the **Continue** button to save your request.

If you are filing a repeat dispute, you will be asked to acknowledge that you have previously disputed the item with TransUnion and be prompted to add additional information you feel is relevant to your dispute. It is also important to upload supportive documents.

Once on the Investigation Summary page, you will have the opportunity to upload documents to support your account investigation requests. Be sure to gather all necessary supporting documents, if applicable, before proceeding. The total size of all attachments may not exceed 2.5 megabytes. Acceptable file formats are .jpeg, .tif and .pdf, and we cannot accept compressed or password-protected files.

NOTE:  **Your request will not be complete, and changes will not be made to your credit report, until you have submitted all requests from the Investigation Summary page.**

### Credit File Details

| CURRENT FILE | FILE NUMBER | 355548407 | NAME | AARON COHEN |
|---|---|---|---|---|
| | REPORT DATE | 07/06/2017 | ADDRESS | 31 EAST LN<br>SPRING VALLEY, NY 10977-1134 |

#### Adverse Accounts

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report.  For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

**BAC HOME LOANS SERV LP   #9470****

4909 SAVARESE CIRCLE
FL1-908-01-47
Tampa, FL 33634
(800) 669-6607

| | | | | |
|---|---|---|---|---|
| Date Opened: | 08/11/2005 | Balance: | $0 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Individual Account | Date Updated: | 05/31/2013 | | |
| Account Type: | Mortgage Account | Last Payment Made: | 07/29/2009 | Terms: | $2,070 per month, paid Monthly for 360 months |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | High Balance: | $359,650 | Date Closed: | 05/31/2013 |
| | | | | | >Maximum Delinquency of 120 days in 10/2010 and in 04/2013< |

**Mortgage Info:** Fannie Mae ID #1000130 Acct #1699291379
**Remarks:** ACCT INFO DISPUTED BY CONSUMR; TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE

| | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | X | X | | | |

| | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | |

| | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | |

| | 10/2010 | 09/2010 |
|---|---|---|
| Rating | | X |

# Exhibit F

TransUnion Online Investigation Service: Updated Credit File

7/28/17, 5:05 PM

## Adverse Accounts

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

### BAC HOME LOANS SERV LP  #9470****

4909 SAVARESE CIRCLE
FL1-908-01-47
Tampa, FL 33634
(800) 669-6607

| | | | |
|---|---|---|---|
| Date Opened: | 08/11/2005 | Balance: | $0 |
| Responsibility: | Individual Account | Date Updated: | 05/31/2013 |
| Account Type: | Mortgage Account | Last Payment Made: | 07/29/2009 |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | High Balance: | $359,650 |

| Pay Status: | Current; Paid or Paying as Agreed |
|---|---|
| Terms: | $2,070 per month, paid Monthly for 360 months |
| Date Closed: | 05/31/2013 |
| | >Maximum Delinquency of 120 days in 10/2010 and in 04/2013< |

Mortgage Info: Fannie Mae ID #1000130 Acct #1699291379
Remarks: ACCT INFO DISPUTED BY CONSUMR; TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE

| | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | X | X | | | |

| | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | |

| | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | |

| | 10/2010 | 09/2010 |
|---|---|---|
| Rating | | X |

### EDUSRV/YESHIVA UNIV  #20830636672****

PO BOX 2901
WINSTON SALEM, NC 27102-2901
(212) 960-5269

| | | | |
|---|---|---|---|
| Date Opened: | 01/14/1999 | Balance: | $0 |
| Responsibility: | Individual Account | Date Updated: | 08/21/2012 |
| Account Type: | Installment Account | Last Payment Made: | 08/21/2012 |
| Loan Type: | STUDENT LOAN | High Balance: | $3,000 |
| | | Original Creditor: | YESHIVA UNIVERSITY (Educational) |

| Pay Status: | Current; Paid or Paying as Agreed |
|---|---|
| Terms: | Quarterly for 129 months |
| Date Closed: | 08/21/2012 |
| | >Maximum Delinquency of 30 days in 07/2011 and in 04/2012< |

Remarks: TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE

| | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | | X | X | X | X | X | X |

| | 09/2011 | 08/2011 | 07/2011 |
|---|---|---|---|
| Rating | X | X | |

## Satisfactory Accounts

The following accounts are reported with no adverse information. The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

### ACCESSLEX INSTITUTE  #6475****

10 N HIGH ST
STE 400
WEST CHESTER, PA 19380
(800) 282-1550

| | | | |
|---|---|---|---|
| Date Opened: | 09/16/2002 | Balance: | $0 |
| Responsibility: | Individual Account | Date Updated: | 03/24/2012 |
| Account Type: | Installment Account | Payment Received: | $100 |
| Loan Type: | STUDENT LOAN | Last Payment Made: | 11/09/2011 |
| | | High Balance: | $3,700 |

| Pay Status: | Current; Paid or Paying as Agreed |
|---|---|
| Terms: | Monthly for 240 months |
| Date Closed: | 03/24/2012 |

Remarks: ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE

| | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | N/R |

# Exhibit G

File Number: 377954685
Date Issued: 08/31/2017

**TransUnion** 

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

**Rating Key**
Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|-----|---|----|----|----|----|-----|-----|----|----|-----|----|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Adverse Accounts

### BAC HOME LOANS SERV LP #9470**** ( 4909 SAVARESE CIRCLE, FL1-908-01-47, Tampa, FL 33634, (800) 669-6607 )

| | |
|---|---|
| Date Opened: | 08/11/2005 |
| Responsibility: | Individual Account |
| Account Type: | Mortgage Account |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG |

| | |
|---|---|
| Balance: | $0 |
| Date Updated: | 05/31/2013 |
| Last Payment Made: | 07/29/2009 |
| High Balance: | $359,650 |

| | |
|---|---|
| Pay Status: | Current; Paid or Paying as Agreed |
| Terms: | $2,070 per month, paid Monthly for 360 months |
| Date Closed: | 05/31/2013 |
| ›Maximum Delinquency of 120 days in 11/2010 and in 04/2013‹ |

Mortgage Info: Fannie Mae ID #1000130 Acct #1699291379
Remarks: TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE

| | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | X | X | 120 | 120 | 120 | 120 | 120 |

| | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | | 120 | 120 | 120 | 120 | 120 |

| | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 |
|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 |

# Exhibit H

AARON COHEN
Report As Of: 2/6/2018



# Credit Cards, Loans & Other Debt

Here you will find specific information on each account you opened, including current status and any past due information. Positive credit information remains on your report indefinitely. Creditor contact information has been provided in order to make it easier for you to resolve any issues.

## BANKAMERICA

Experian                    Equifax

Potentially Negative Closed

8006696607
4909 SAVARESE CIRCLE
FL1-908-01-47
TAMPA, FL 33634

| | Experian | Equifax |
|---|---|---|
| Account Name | | BANKAMERICA |
| Account # | | 947043XX |
| Account Type | | Banks and S&Ls |
| Balance | | $0.00 |
| Past Due | | $0.00 |
| Date Opened | | 8/11/2005 |
| Account Status | | Closed |
| Mo. Payment | | $2,070.00 |
| Payment Status | | Paid or paying as agreed |
| High Balance | | $359,650.00 |
| Limit | | $0.00 |
| Terms | | 360 Months |
| Comments | | |

### 24/Mo Payment History

| | 2011 | | | | | | | | 2012 | | | | | | | | | | | | 2013 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR |
| Transunion | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | ND | ND | 120 | 120 | 120 | 120 | 120 |

## CAPITAL ONE

Experian                    Equifax

Current Closed

8004776000
PO BOX 30253
SALT LAKE CITY, UT 84130

| | Experian | Equifax |
|---|---|---|
| Account Name | | CAPITAL ONE |
| Account # | | 515599XXXXXX |
| Account Type | | Banks and S&Ls |
| Balance | | $0.00 |
| Past Due | | $0.00 |
| Date Opened | | 7/25/2011 |
| Account Status | | Closed |
| Mo. Payment | | $0.00 |
| Payment Status | | Paid or paying as agreed |
| High Balance | | $59.00 |
| Limit | | $300.00 |
| Terms | | |
| Comments | | |

### 24/Mo Payment History

# Exhibit I

AARON COHEN
Report As Of: 2/6/2018



## Credit Score

Your Credit Score is a numerical representation of your credit worthiness that is used by most lenders and credit card issuers. Remember, Experian, Equifax, and TransUnion has its own set of data in your credit file. That's why Credit Scores may vary between bureaus.

| Experian | Equifax | TransUnion |
|---|---|---|
| **791** | **782** | **718** |



Credit Category

300        575        850

# Your TransUnion FICO® Score Explanation

**What factors _RAISE_ your FICO® Score:**

- While you have missed payments in the past, you have recently been paying your bills on time, which has helped your FICO® Score. Staying current with your bills will continue to help your score.

- Your FICO® Score measures the age of your oldest account and the average age of your accounts. Your FICO® Score was helped because you have a relatively long credit history and you haven't recently opened many new accounts.

- Your FICO® Score evaluates your mix of credit cards, installment loans and mortgages. People who demonstrate responsible use of different types of credit are generally less risky to lenders. You helped your FICO® Score by showing recent use of a credit card.

**What factors _LOWER_ your FICO® Score:**

- The presence of a serious delinquency or a derogatory description is a powerful predictor of future payment risk - people with previous late payments are much more likely to pay late in the future. However, as these items age and fall off of your credit report, their impact on your FICO® Score will gradually decrease. Most late payments stay on your report for no more than seven years.

- Your FICO® Score considers the number of accounts where you are paying your bills as agreed - in your case this number is too low. This is because you have very few accounts or because you've missed payments recently on some of your accounts.

- Your FICO® Score weighs the balances of your mortgage and non-mortgage installment loans (such as auto loan or student loans) against the original loan amounts. In general, when you first obtain an installment loan your balance is high, and as you pay this loan down, the balance decreases. Additionally, the FICO® Score considers how far you have paid down your mortgage and non-mortgage installment loans.

Personal Information        Report Summary        Bankruptcies        Credit Inquiries        Credit Cards & Loans        Credit Score *Page 3 of 3*

# **Exhibit J**

Aaron Cohen
31 East Ln
Spring Valley, NY 10977
jgt2006@gmail.com
REDACTED


**September 8, 2017**

Transunion

P.O. Box 2000

Chester PA 19016

**VIA CERTIFIED MAIL RRR**


Re:     FILE NUMBER 355548407

DISPUTE RE BANK OF AMERICA ACCOUNT 94704344


I have previously disputed this and you have taken no action, or have improperly
"verified as accurate" despite the fact that the above referenced mortgage account with
Bank of America must be deleted because the delinquency is greater than 7 years old.
Attached is proof the delinquency is greater than 7 years including

1) Summons & Complaint filed by BAC on June 3rd, 2010 and
2) On transunions very own report it states "Last Payment Made" was in 2009

I sued Bank of America in white plains commercial claims court on this very issue for a
previous dispute that went was improperly 'verified as accurate', and the court awarded
$1,000 statutory damages.

Demand is again hereby made that this item be deleted off the credit report. Failure to do
so will leave me no choice but to sue for FCRA violations in federal court against both
transunion and Bank of America.


Thank you,

Aaron Cohen

## Adverse Accounts

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

### BAC HOME LOANS SERV LP  #9470****

4909 SAVARESE CIRCLE
FL1-908-01-47
Tampa, FL 33634
(800) 669-6607

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 08/11/2005 | Balance: | $0 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Individual Account | Date Updated: | 05/31/2013 | | |
| Account Type: | Mortgage Account | Last Payment Made: | 07/29/2009 | Terms: | $2,070 per month, paid Monthly for 360 months |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | High Balance: | $359,650 | Date Closed: | 05/31/2013 |
| | | | | | >Maximum Delinquency of 120 days in 10/2010 and in 04/2013< |

**Mortgage Info:** Fannie Mae ID #1000130 Acct #1699291379
**Remarks:** ACCT INFO DISPUTED BY CONSUMR; TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE

| | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | X | X | 120 | 120 | 120 |

| | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |

| | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |

| | 10/2010 | 09/2010 |
|---|---|---|
| Rating | 120 | X |

### EDUSRV/YESHIVA UNIV  #20830636672****

PO BOX 2901
WINSTON SALEM, NC 27102-2901
(212) 960-5269

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 01/14/1999 | Balance: | $0 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Individual Account | Date Updated: | 08/21/2012 | | |
| Account Type: | Installment Account | Last Payment Made: | 08/21/2012 | Terms: | Quarterly for 129 months |
| Loan Type: | STUDENT LOAN | High Balance: | $3,000 | Date Closed: | 08/21/2012 |
| | | Original Creditor: | YESHIVA UNIVERSITY (Educational) | | >Maximum Delinquency of 30 days in 07/2011 and in 04/2012< |

**Remarks:** TRANSFERRED TO ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE

| | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | 30 | X | X | X | X | X | X |

| | 09/2011 | 08/2011 | 07/2011 |
|---|---|---|---|
| Rating | X | X | 30 |

## Satisfactory Accounts

The following accounts are reported with no adverse information. The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

### ACCESSLEX INSTITUTE  #6475****

10 N HIGH ST
STE 400
WEST CHESTER, PA 19380
(800) 282-1550

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 09/16/2002 | Balance: | $0 | Pay Status: | Current; Paid or Paying as Agreed |
| Responsibility: | Individual Account | Date Updated: | 03/24/2012 | | |
| Account Type: | Installment Account | Payment Received: | $100 | Terms: | Monthly for 240 months |
| Loan Type: | STUDENT LOAN | Last Payment Made: | 11/09/2011 | Date Closed: | 03/24/2012 |
| | | High Balance: | $3,700 | | |

**Remarks:** ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE

| | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | N/R |

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ROCKLAND
----------------------------------------------------------------X

BAC HOME LOANS SERVICING, LP FKA
COUNTRYWIDE HOME LOANS SERVICING LP
7105 Corporate Drive
Plano, TX 75024

                    Plaintiff,

vs.

AARON COHEN, EMILY COHEN, NATIONAL CITY
BANK,

JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

                    Defendant(s).
----------------------------------------------------------------X

```
Doc ID:      Type: COU
Recorded: 06/03/2010
Fee Amt: $210.00 Page 1 of
Rockland County, NY
Paul Piperato County Clerk
```

**SU-2010-005469**

**SUMMONS**

ORIGINAL FILED WITH THE
CLERK ON _____

INDEX NO.:

MORTGAGED PREMISES:
14 BEAVER DAM ROAD
POMONA, NY 10970

SBL #:
32.16-2-21

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer the Complaint in the above captioned action and to serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State.  The United States of America, if designated as a Defendant in this action, may answer or appear within sixty (60) days of service hereof.   In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.


# <u>NOTICE</u>
# <u>YOU ARE IN DANGER OF LOSING YOUR HOME</u>


## <u>If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.</u>


## <u>Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.</u>

**Sending a payment to your mortgage company will not stop this foreclosure action.**

# YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

Rockland County is designated as the place of trial.   The basis of venue is the location of the mortgaged premises foreclosed herein.

DATED:          June 2, 2010

By: _Jill Anderson_____

Jill Anderson, Esq.

**Steven J. Baum, P.C.**
**Attorneys for Plaintiff**
**220 Northpointe Parkway Suite G**
**Amherst, NY 14228**
**Tel.: 716-204-2400**

The law firm of Steven J. Baum, P.C. and the attorneys whom it employs are debt collectors who are attempting to collect a debt. Any information obtained by them will be used for that purpose.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ROCKLAND
-------------------------------------------------------------------X

BAC HOME LOANS SERVICING, LP FKA
COUNTRYWIDE HOME LOANS SERVICING LP
7105 Corporate Drive
Plano, TX 75024

                Plaintiff,

vs.

AARON COHEN, EMILY COHEN, NATIONAL CITY
BANK,

JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

                Defendant(s).
-------------------------------------------------------------------X

**COMPLAINT**

INDEX NO.:

MORTGAGED PREMISES:
14 BEAVER DAM ROAD
POMONA, NY 10970

SBL #:
32.16-2-21

**FILED JL**

**JUN 0 3 2010**

**ROCKLAND COUNTY
CLERK'S OFFICE**

        The Plaintiff by its attorneys, Steven J. Baum, P.C., for its complaint against the Defendant(s) alleges upon information and belief as follows:

        FIRST:  Plaintiff is a limited partnership duly organized and existing under and by virtue of the laws of the State of Texas, and the owner and holder of a note and mortgage being foreclosed.

        SECOND:  On or about the 11th day of August, 2005, AARON COHEN duly executed and delivered a note whereby AARON COHEN promised to pay the sum of $359,650.00 with interest on the unpaid balance of the debt.

        THIRD:  That as security for the payment of said note AARON COHEN and EMILY COHEN duly executed and delivered a mortgage in the amount of $359,650.00 which mortgage was recorded as follows and mortgage tax paid thereon:

        Recording Date: August 25, 2005
        Instrument Number: 2005-00045242
        County (or City Register of): Rockland

        FOURTH:  The mortgaged premises are commonly known as 14 BEAVER DAM ROAD, POMONA, NY 10970 and more fully described in "Schedule A" attached to this complaint.  The tax map designation is known as all or part of SBL: 32.16-2-21.

        FIFTH:  That the Defendant(s) AARON COHEN so named, has/have failed to comply with the conditions of the mortgage and note by failing to pay principal and interest and/or taxes, assessments, water rates, insurance premiums, escrow and/or other charges that came due and payable on the 1st day of September, 2009 as more fully set forth below.   Accordingly, Plaintiff elects to call due the entire amount secured by the mortgage.